# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 18, 2024

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| Nos. 24-3248 & 24-3249 | |
| LSP TRANSMISSION HOLDINGS II, LLC, *et al.*, <br>     *Plaintiffs-Appellees*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:24-cv-01722-TWP-MG |
| JAMES F. HUSTON, Chairman, Indiana Utility Regulatory Commission, *et al.*, <br>     *Defendants-Appellants*, | Tanya Walton Pratt, <br> *Chief Judge*. |
| and | |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, *et al.*, <br>     *Intervening Defendants-Appellants*. | |

**O R D E R**

    Before us are appeals from a grant of a preliminary injunction in a highly complex case entailing a constitutional challenge to a provision of an Indiana law relating to the rights of incumbent suppliers of electric power. On December 6, 2024, the

district court enjoined Defendants-Appellants, the Chair and Commissioners of the Indiana Utility Regulatory Commission, from enforcing incumbent electric transmission owners' rights of first refusal conferred by Indiana House Enrolled Act 1420, Ind. Code § 8-1-38-9. Intervenor-Defendants-Appellants, who are incumbent electric transmission owners with rights under the statute, sought emergency relief in this court, moving for a stay pending appeal and further requesting an immediate administrative stay. We entered an administrative stay on December 12, and heard oral argument on an expedited basis less than one week later, on December 17.

We consider four factors when deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

These appeals present many difficult, novel, and important questions, including—but not limited to—subject matter jurisdiction, who has the authority to enforce the rights of first refusal conferred by the challenged Indiana statute, and whether that law violates the dormant Commerce Clause of the United States Constitution. What is more, resolution of these issues implicates the complex relationship between the Federal Energy Regulatory Commission (under the Federal Power Act), state governments, and regional transmission organizations with respect to the interstate transmission of electricity.

At this stage of our review, we have determined that the equitable factors weigh strongly in favor of maintaining the pre-litigation status quo and therefore staying the district court's order preliminarily enjoining the enforcement of House Enrolled Act 1420. No party has made a compelling showing of irreparable harm if we expedite scheduling of this appeal such that a decision on the propriety of the preliminary injunction can be rendered in a matter of weeks.

We will issue a separate order resetting the briefing schedule, setting oral argument, and inviting amici curiae submissions from the Midcontinent Independent System Operator and the Federal Energy Regulatory Commission.

For these reasons, we GRANT Intervenor-Defendants-Appellants' Emergency Motion for Stay Pending Appeal [Dkt. No. 3]. The preliminary injunction issued by the district court is hereby STAYED. This stay shall remain in effect through resolution of these appeals and the issuance of the mandate.